UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHAHRAM GHORBANI,

    Petitioner,

v.

TODD BLANCHE, et al.,

    Respondents.

Case No. 5:26-cv-04251-KES

ORDER GRANTING THE PETITION AND ORDERING PETITIONER'S IMMEDIATE RELEASE FROM CUSTODY

    Shahram Ghorbani ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  The parties have consented to the jurisdiction of the Magistrate Judge.  (Dkt. 8.)  Respondents' Answer states that they "are not presenting an opposition argument."  (Dkt. 9 at 2.)

    Based on the facts and law stated in the Petition, and in light of Respondents' lack of opposition, the Court will grant the Petition.  Under the district court case law cited in the Petition, which the Court finds persuasive, success on Petitioner's due process claim entitles him to both release from custody and prospective

injunctive relief preventing further violations of his due process rights.  See, e.g., Singh v. Andrews, 803 F. Supp. 3d 1035, 1050 (E.D. Cal. 2025); Hasratyan v. Bondi, No. 26-cv-00210-MCS-ADS, 2026 WL 288909, at *6 (C.D. Cal. Feb. 2, 2026).

IT IS THEREFORE ORDERED that Judgment will be entered granting the relief requested in the Petition, as follows:

1. Respondents shall **immediately release** Shahram Ghorbani (A# 208-922-309) from custody under the conditions of parole previously imposed.

2. If Respondents have not released Petitioner **within three days** of the date of this order, Petitioner may file a request for an order to show cause re contempt.

3. Respondents shall not re-detain Petitioner without providing Petitioner a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that Petitioner's physical custody is required, or (b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.[1]

DATED:  August 6, 2026

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

_____

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).